LEANDER R. BROWN, APPELLANT, V. VILLAGE OF PIERCE, APPELLEE.

FILED MARCH 21, 1907.   No. 14,733.

Cities: INJURIES: EVIDENCE.   An instruction which requires the plaintiff, in an action brought against a village for injuries sustained by an accident arising from a defective sidewalk, to prove that the walk was in an "unreasonably dangerous condition," is erroneous.

APPEAL from the district court for Pierce county: JOHN F. BOYD, JUDGE.   *Reversed.*

*Fred H. Free*, for appellant.

*W. W. Quivey, Douglas Cones* and. *H. F. Barnhart*, contra.

DUFFIE, C.

Brown, the plaintiff and appellant, brought this action against the village of Pierce to recover damages for injuries sustained by falling upon one of the sidewalks of the village.   He alleges that the walk was out of repair, and that his fall and injury was caused by being tripped by a loose board in the walk. · The jury returned a verdict for the defendant and the plaintiff has appealed.

The principal error alleged is the seventh instruction given by the court on its own motion.   The instruction is as follows: "The jury are instructed that, before they can find for the plaintiff, they must find that the plaintiff has suffered injury; that the injury was caused by a defect in the sidewalk; that said defect left the sidewalk in an unreasonably dangerous condition; that the plaintiff did not contribute to the said injury by any negligence on his part; that the city authorities had actual knowledge of said defect in time to have repaired same before the accident happened, or that the defect had been notorious and continued for a length of time within which the city

authorities, in the exercise of reasonable care and diligence, could have known of the same." The particular objection urged to this instruction is that it requires the jury to find that the walk was in an unreasonably dangerous condition, before the plaintiff could recover. We think the instruction erroneous. If the sidewalk was in a dangerous condition prior to the accident, and the village authorities had knowledge of that fact, or, if such condition had existed for such length of time that reasonable diligence on the part of the village authorities would have discovered it, that is all that the plaintiff would be required to show in addition to his own care and freedom from negligence. To require the plaintiff to show that the walk was unreasonably dangerous is going further than the law requires, and places upon him a greater burden than he was required to assume.

Because of this error in the instruction, we recommend a reversal of the judgment and remanding the cause for a new trial.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.